IN RE:

EMMA IRIS TRINIDAD ROJAS

DEBTOR(S)

CASE NO. 09-02219 ESL

CHAPTER 13

## SECOND MOTION TO RECONSIDER AND VACATE ORDER DISMISSING CASE

### TO THE HONORABLE COURT:

Come(s) now Debtor(s), represented by the undersigned attorney, and respectfully state(s) and inform(s) as follows:

1. On the 25th day of March, 2010, this Honorable Court denied Debtor's motion for reconsideration of order dismissing case (docket #55) for failure to comply with LBR 9013-1(h).

2. A <u>Second Motion To Reconsider And Vacate Order Dismissing Case</u> including the response time language required by LBR 9013-1(h) is hereby filed.

### FACTUAL BACKGROUND

3. On October 25, 2009, the Chapter13 Trustee filed a motion to dismiss the case above captioned for debtor's failure to:

>   a. amend the plan dated May 19, 2009 plan for being insufficiently funded to pay CRIM's secured claim and Reliable Financial Corp.'s crammed down claim,
>
>   b. submit copy of a 1999 appraisal of petitioner's residential property, and
>
>   c. for having accumulated two monthly plan payments in arrears.

4. On November 25, 2009, the previous attorney for Debtor requested an extension of 30 days to resolve the issues impeding the confirmation of the case. Said request was granted by this Honorable Court on November 30, 2009, with the caveat that upon failure to file evidence with the Court of Debtor being current by January 5, 2010, the Clerk would enter a judgment dismissing the case.

5. On December 29, 2009, the attorney of record submitted a motion resigning the legal representation of the Debtor. Said request was granted on December 30, 2009 and Debtor was grated thirty (30) days to obtain new representation.

6. On December 31, 2009, secured creditor Reliable Financial Services filed a motion requesting the dismissal of the above captioned case due to debtor's failure to maintain regular payments to proposed pre-confirmation plan.

7. On January 29, 2010, the undersigned attorney filed a notice of appearance and request for notice, wherein a period of thirty (30) additional days were requested to adequately respond to the pending motions to filed by the Trustee.

8. On February 22, 2010, this Honorable Court entered judgment dismissing this case.

9. On March 4, 2010, under the assumption that his representation was authorized by this Honorable Court, the undersigned respectfully filed a Motion To Reconsider And Vacate Order Dismissing Case, (docket #55), representing that it was timely filed under Fed R. Bankr. P. 9023 because it was filed within 10 days after the dismissal ordered was issued and entered.

10. Subsequently, on March 5, 2010, an Amended Chapter 13 Plan dated 02/22/2010 (docket #56) and Amended Schedules I & J (docket #57) were filed with the Clerk of the Court.

11. In spite of the Chapter 13 Trustee's certificate of receipt of payments, reflecting that as of March 9, 2010 Debtors was not current with the plan, Debtor has made two payments, one for $750 and other for $500, and will pay $300 before March 31, 2010 that will bring her current under the Amended Plan dated 02/22/2010 (docket #56).

12. On the 25th day of March, 2010, this Honorable Court issued and entered an Order Denying Reconsideration for failure to comply with LBR 9013-1(h) which we are hereby addressing.

13. Rule 9023 of Bankruptcy procedure makes applicable Rule 59 of Federal Civil Procedure, to amend or alter judgment.

14. It is well-settled that "Federal Rule of Civil Procedure 59(e) grants bankruptcy courts license to reconsider orders and judgments after their entry." Ellenberg v. Bd. of Regents of Univ. Sys. of Georgia, (In re Midland Mech. Contractors, Inc.), 200 B.R. 453, 453 (Bankr. N.D. Ga. 1996) (citations omitted).

15. The court "has considerable discretion in reconsidering an issue." Maynard v. Veneman, 338 F. Supp.2d 268, 270 (citing Sussman v. Salem, 153 F.R.D.689, 694 (M.D. Fla. 1994)); Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.,763 F.2d 1237, 1238-39 (11th Cir. 1985); see also In re Quality Stores, Inc., 272 B.R. 1, "Fed. R. Civ. P. 59(e) is made applicable in bankruptcy by Fed. R. Bankr. P. 9023.3643, 649 (Bankr. W.D. Mich. 2002) (noting that decisions under Rule 59(e) 'rests within the sound discretion of the trial court')."

16. Back to the subject of the case on hand, the undersigned counsel met with Coraly Rodríguez Trinidad, Debtor's daughter appointed "Next Friend" pursuant to Bankr. R. 1004.1, updated Debtor's Schedules I and J of income and expenses, and drafted the amended chapter 13 plan dated 02/22/2010 which counsel believes is confirmable.

17. Moreover, Debtor sent one payment for $750.00 and a second payment of $500 to the Chapter 13 Trustee and before the current month of March ends, she will pay the amount of $300.00 to become current with the newly proposed amended plan dated 02/22/2010. See Exhibits 1 and 2.

18. Likewise, the copy of the appraisal pending to be tendered to the Trustee will be provided within the next five (5) business days or by March 31, 2010, at the most.

**WHEREFORE** the undersigned attorney for Debtor hereby prays from this Honorable Court to vacate the Order Dismissing Case issued and entered on February 22, 2010 and the

Order Denying Debtor's Motion For Reconsideration issued and entered on March 25, 2010, allowing Debtor the opportunity for reorganization under the protection of the Bankruptcy Law through the Amended Plan dated 02/22/2010.

**RESPECTFULLY SUBMITTED.**

**NOTICE:** Within eleven (11) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise. LBR 9013-1(h).

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification, upon information and belief, of such filing to the all CM/ECF participating parties in interest in the attached master address list. We will serve by Postal Service the document to any non CM/ECF participants.

In San Juan, Puerto Rico, this 26th day of March, 2010.

S/JOSE L. JIMENEZ QUINONES
José L. Jiménez Quiñones, Esq.
USDCPR 203808
268 AVE. PONCE DE LEON
Suite 1118
San Juan, P.R. 00918-2007
TEL: 787-282-9009
FAX: 1-866-326-9416
jljimenez11@gmail.com

EXHIBIT 1

DETACH AND RETAIN THIS STATEMENT
THE ATTACHED CHECK IS IN PAYMENT OF ITEMS DESCRIBED BELOW.
IF NOT CORRECT PLEASE NOTIFY US PROMPTLY. NO RECEIPT DESIRED.

22055

PRODUCT 55203N

| DESCRIPTION | AMOUNT |
|---|---|
| Check Number 22055 | 750.00 |
| Remitter | |
| Pay to ***ALEJANDRO OLIVERAS*** | |

Label Matrix for local noticing
0104-3
Case 09-02219-ESL13
District of Puerto Rico
Old San Juan
Fri Mar  5 11:32:48 AST 2010

US Bankruptcy Court District of P.R.
U.S. Post Office and Courthouse Building
300 Recinto Sur Street, Room 109
San Juan, PR 00901-1964


RECOVERY MANAGEMENT SYSTEMS CORP
GE MONEY BANK (WALMART DISCOVER CARD)
25 SE 2ND AVE
SUITE 1120
MIAMI, FL 33131-1506


CITIBANK
P.O. BOX 70319
SAN JUAN, PR 00936-8319


RELIABLE FINANCIAL SERVICES
CARLOS E PEREZ PASTRANA
PO BOX 21382
SAN JUAN, PR 00928-1382


CITIBANK, NA
7930 NW 110TH STREET
KANSAS CITY, MO 64153-1270


CRIM
P.O. BOX 195387
SAN JUAN, PR 00919-5387


Citifinacial
P.O. BOX 1465
Bayamon, PR 00960-1465


DORAL BANK
DPTO. DE CONSUMO
PO BOX 13977
SAN JUAN, PR 00908


DORAL BANK
DPTO. DE CONSUMO
PO BOX 306
CATANO, PR 00963-0308


DORAL BANK
P.O. BOX 191191
SAN JUAN, PR 00919-1191


FINGERHUT
6250 RIDGEWOOD ROA
SAINT CLOUD, MN 56303-0820


LELAND SCOTT (original creditor:EU
P O BOX 2205
MANSFIELD, TX 76063-0040


LVNV FUNDING LLC (original creditor
PO BOX 740281
HOUSTON, TX 77274-0281


LVNV Funding LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587


PR TELEPHONE
POB 70239
SAN JUAN, PR 00936-8239


RELIABLE FINANCIAL SERVICES
P.O. BOX 21382
SAN JUAN, PR 00928-1382


RELIABLE/F
PO BOX 21382
RIO PIEDRAS, PR 00928-1382


TREASURY SECRETARY
DEPARTAMENTO DE HACIENDA
P.O. BOX 9024140
SAN JUAN, PR 00902-4140


Vativ Recovery Solutions, LLC
As Agent for Palisades/Asta Funding
PO BOX 19249
Sugar Land TX 77496-9249


ALEJANDRO OLIVERAS RIVERA
ALEJANDRO OLIVERAS, CHAPTER 13 TRU3
PO BOX 9024062
SAN JUAN, PR 00902-4062


EMMA IRIS TRINIDAD ROJAS
CALLE 114 BH18
JARDINES DE COUNTRY CLUB
CAROLINA, PR 00983-2015


JOSE L JIMENEZ QUINONES
JIMENEZ QUINONES LAW OFFICE, PSC
268 AVE. PONCE DE LEON
SUITE 1118
SAN JUAN, PR 00918-2007


MONSITA LECAROZ ARRIBAS
OFFICE OF THE US TRUSTEE (UST)
OCHOA BUILDING
500 TANCA STREET  SUITE 301
SAN JUAN, PR 00901-1938


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(d)CRIM
PO BOX 195387
SAN JUAN, PR 00919-5387


End of Label Matrix
Mailable recipients    23
Bypassed recipients     1
Total                  24

EXHIBIT 2



THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER.

**MONEY ORDER**
GOOD WORLD-WIDE
ACEPTADO EN TODO EL MUNDO

RIA envia

NOT VALID OVER FIVE HUNDRED U.S. DOLLARS

42-14735802

NOT GOOD OVER $500.00

(714) 667-8440

Pay To The Order Of

Pay Through
Union Bank of California
445 So. Figueroa St.
Los Angeles, CA 90071